UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLEN VOSSLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAINA & GIA, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO. 1:21-cv-01177<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Glen Vossler ("Plaintiff") brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207.

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the

1

event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707–08, 65 S.Ct. 895, 902 (1945).

4. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

5. The Defendant in this case, Raina & Gia, Inc., violated the FLSA by failing to pay Plaintiff overtime for all hours actually worked in a workweek.

## PARTIES

6. Raina & Gia, Inc. is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Defendant is a foreign for-profit corporation.

7. Defendant employed Plaintiff as a material runner from on or about August 10, 2020 until November 24, 2020.

8. Plaintiff is a resident of Indianapolis, Indiana.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in the Southern District of Indiana because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant's principal place of business is located in this District.  In particular, Defendant's principal place of business is located at 1913, N. Shortridge Drive, Indianapolis, IN, 46219.

## COVERAGE

11. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

12. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

13. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees (including Plaintiff):

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

15. Defendant, Raina & Gia, Inc., has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at overtime for all hours worked in a workweek.

16. Plaintiff worked for Defendant as a material runner, which required him to pick up materials and drive them to various work sites at the direction of Defendant.

17. To make these various deliveries, Plaintiff used his own vehicle.

18. Plaintiff typically drove over 200 miles per day.

19. Defendant did not reimburse Plaintiff for mileage.

20. Defendant paid Plaintiff a weekly gas reimbursement of $75 to $150.

21. Plaintiff typically worked six to seven days per week, twelve to seventeen hours per day.

22. Plaintiff's job duties did not include work that exempted him from overtime.

23. Defendant improperly misclassified Plaintiff as an independent contractor exempt from overtime.

24. Defendant failed to record all of the hours worked by Plaintiff.

25. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

26. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff for overtime at a rate of one and one-half his regular rate for all hours worked over forty.

27. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

28. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME
## UNDER THE FLSA

29. Plaintiff reincorporates and readopts all allegations contained within the preceding Paragraphs above.

30. Plaintiff is entitled to be paid overtime at a rate of one and one-half his regular rate for each hour worked over forty in a workweek.

31. Defendant misclassified Plaintiff as an independent contractor exempt from overtime.

32. During his employment with Defendant, Plaintiff regularly worked in excess of forty hours in a workweek.

33. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FLSA Plaintiff is entitled to liquidated damages.

35. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff requests a judgment entered in his favor and against Defendants for his actual and liquidated damages, as well as his costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

Dated: May 11, 2021                                 Respectfully submitted,

*s/J. Corey Asay*
J. Corey Asay
MORGAN & MORGAN, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Phone: (859) 286-8368
Fax: (859) 286-8384
Email: casay@forthepeople.com

*Counsel for Plaintiff*
